## COMMONWEALTH *v.* GEORGE NORTON.

**Bail Bond—Surrender by Bondsmen—Release from Liability.**

> To release a bondsman on a bail bond the bondsman at any time before a forfeiture may surrender the defendant to the jailer of the county in which the offense was committed, accompanied with a certified copy of the bail bond to be delivered to the jailer who must detain the defendant and give a written acknowledgment of the surrender.

### APPEAL FROM KNOX CIRCUIT COURT.

June 8, 1875.

OPINION BY JUDGE COFER:

George Norton, being in custody, charged with unlawfully and maliciously stabbing and wounding, gave bail, with the appellee as his surety, for his appearance at the then ensuing term of the Knox circuit court; and having failed to appear, his bond was forfeited and a summons issued thereon which was served on the surety, who responded that between the time of executing the bond and the term at which he undertook that Norton should appear, fearing that he would leave the commonwealth, he obtained a copy of the bail bond, and found the said Norton in the power of the sheriff of

Knox county, under arrest for malicious stabbing; that he delivered a copy of the bond to the sheriff, who arrested Norton at his (appellee's) instance, to be taken to jail; that the court before which Norton was returned had him put under guard to be held for trial, and that while he was so under guard, and before the sheriff was permitted to deliver him to the jailer under the arrest made at appellee's instance, Norton made his escape from the guard.

The commonwealth demurred to the response, but the demurrer was overruled and the proceeding dismissed.

"At any time before the forfeiture of their bond, the bail may surrender the defendant, or the defendant may surrender himself to the jailer of the county in which the offense was committed; but the surrender must be accompanied with a certified copy of the bail bond, to be delivered to the jailer, who must detain the defendant in custody thereon as a commitment, and give a written acknowledgment of the surrender; and the bail shall thereupon be exonerated." Sec. 81, Criminal Code.

We are not aware of any other provision of law under which bail may be exonerated before a forfeiture of the bond. Having become bound for the appearance of Norton, he was at appellee's risk until he should be placed in the custody of the jailer; and he could not rid himself of that responsibility by placing a copy of the bond in the hand of the sheriff and causing him to arrest the defendant. The law did not make it the duty of the sheriff to take Norton into custody, so as thereby to exonerate his bail, and the sheriff was, therefore, the agent of the appellee, and not the representative of the commonwealth.

Wherefore the judgment is *reversed,* and the cause is remanded with directions to sustain the demurrer, and for further proceedings.

*John Rodman, for appellant.*